KNOLL, Judge,
dissenting.
The majority holds that since Mrs. Doyle litigated her claim against Piccadilly only, and since Piccadilly, the doctors and the Central Louisiana Ambulatory Surgical Center, Inc. are solidarily obligated, this serves as a bar to Mrs. Doyle’s recovery on her medical malpractice claim. I do not agree.
Mrs. Doyle did not release any of the defendants in her medical malpractice claim, therefore, she is entitled to proceed against them. Weber v. Charity Hosp. of Louisiana, 475 So.2d 1047 (La.1985).
Steptoe v. Lallie Kemp Regional Hosp., 618 So.2d 1008 (La.App. 1st Cir.1993) held that a subsequent tortfeasor’s liability is extinguished when the original tortfeasor satisfies the judgment, which is what the majority does in the case sub judice. This view is a parting from our jurisprudence. Our Louisiana Supreme Court recently granted writs in Steptoe and we await with interest the development of jurisprudence in this area.